IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| VICTOR TYLER WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-134 |
| ) | |
| RONNIE STRENGTH, Sheriff, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wayne State Prison in Odum, Georgia, filed the above-captioned civil rights complaint, pursuant to 42 U.S.C. § 1983. After receiving Plaintiff's complaint, the Court attempted to screen it pursuant to 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies, most notably an improper attempt to join 25 defendants in one lawsuit based on a variety of unrelated events, Plaintiff was directed to file an amended complaint. (Doc. no. 7). Thereafter, Plaintiff filed his amended complaint.[1] (Doc. no. 9). Because Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

---

[1] In an Order filed simultaneously with this Report and Recommendation, the Court granted Plaintiff's motion for an extension of time to file his amended complaint (doc. no. 8).

that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

In his amended complaint, Plaintiff attempts to convince the Court that all of the incidents and Defendants set forth in his original complaint arose out of the same transaction or occurrence. (Doc. no. 8). Specifically, he claims that because he turned his wife into the police for drug use, his wife's sister, Freda Carns, and Carns's boyfriend, Richard Weaver,[2] retaliated against him by having him arrested and convicted for making terroristic threats, directing the inmates and jail deputies to assault him while he was incarcerated, and instructing the other jail deputies to "look the other way." (Id. at 1-2). He further claims that Michael McCormick, the assistant pastor at Carns's church, "lured" Plaintiff to his church by telling Plaintiff that he could help with Plaintiff's family problems. (Id. at 2). Once Plaintiff arrived, McCormick allegedly made homosexual advances toward Plaintiff, and when Plaintiff refused those advances, McCormick told Carns that Plaintiff threatened to kill her. (Id.). McCormick then assisted Carnes and Weaver in getting Plaintiff charged with making terroristic threats. (Id.).

Plaintiff also alleges that as part of their plan to retaliate against Plaintiff, Carns, Weaver, and McCormick arranged for inmates at the jail to beat him up, and during these attacks, Weaver, as directed by Carns, ordered the deputies at the jail to "look the other way." (Id.). Moreover, Plaintiff claims that "the deputies named as [D]efendants failed to protect me . . . and some actually attacked me." (Id.). Additionally, Plaintiff asserts that the Mayor

---

[2] Plaintiff claims that Weaver is a "high ranking official with the Augusta-Richmond County Sheriff's Department." (Doc. no. 9, p. 1).

2

of Augusta-Richmond County, the Augusta-Richmond County Commissioners, and Sheriff Ronnie Strength are liable under the theory of respondeat superior because they hire and train the deputies, they pay the deputies' wages and salaries, and they set up the rules, regulations, policies and procedures, and guidelines that govern the deputies' actions. (Id. at 3).[3]

## II. DISCUSSION

### A. Augusta-Richmond County

As noted in footnote three, in the Order directing Plaintiff to amend his complaint, the Court warned Plaintiff that his amended complaint would supersede his previously filed complaint. (Doc. no. 7, p. 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also specifically told him that he must name all defendants in the caption and the body of the amended complaint. (Id. at 5). Upon review of the amended complaint, the Court finds that Plaintiff no longer names Augusta-Richmond County as a party to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint

---

[3] The Court notes that Plaintiff failed to follow the Court's instructions, set forth in the October 17, 2006 Order, for amending his complaint. (See doc. no. 7). Specifically, Plaintiff failed to include (1) a caption that clearly identifies, by name, each individual that Plaintiff is suing in the lawsuit, and (2) numbered paragraphs that state information such as the alleged act of misconduct and the facts surrounding that act, the date on which the misconduct occurred, and the names of every individual who participated in the misconduct. (Id. at 4).

Moreover, Plaintiff periodically refers to events in his amended complaint that he cited in his original complaint by simply stating "as referred to" or "as indicated in" the original complaint, without actually stating the fact or event that Plaintiff noted in his original complaint. Because the Court warned Plaintiff in the October 17, 2006 Order that Plaintiff's amended complaint would supersede his original complaint and that no portion of his prior complaint would be incorporated into his amended complaint by reference, the Court will disregard these types of statements in his amended complaint. (Id. at 3-4).

any actions taken by original Defendant Augusta-Richmond County, the Court recommends that Augusta-Richmond County be **DISMISSED** from this lawsuit.

**B.     Respondeat Superior**

Next, Plaintiff alleges that the Mayor of Augusta-Richmond County, the Augusta-Richmond County Commissioners, and Sheriff Strength are liable under the theory of respondeat superior. In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that the Mayor of Augusta-Richmond County, the Augusta-Richmond County Commissioners, and/or Sheriff Strength were personally involved in the events giving rise to this lawsuit.

Similarly, Plaintiff fails to allege a "causal connection" between these three Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be

4

established "when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  Plaintiff has alleged neither with respect to the Mayor of Augusta-Richmond County, the Augusta-Richmond County Commissioners, or Sheriff Strength, and the Court therefore recommends that these Defendants be **DISMISSED** from this case.

### C. Nurse Gregory Greene

Further, Nurse Gregory Greene should also be dismissed from this case.  In his amended complaint, the only reference Plaintiff makes to Nurse Greene is "the nurse was Gregory Greene." (Doc. no. 9, p. 3).  Moreover, the only reference in the amended complaint to any type of medical claim is:  "Hospital records will be presented to the jury to show the extent of my injuries suffered." (Id. at 2).  Plaintiff does not describe any specific acts or inaction by Nurse Greene, and these statements are not sufficient to establish that Nurse Greene deprived Plaintiff of a federal right.  See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (noting that a plaintiff must show that he or she was *deprived of a federal right* by a person acting under color of state law in order to prevail on a civil rights action under § 1983 (emphasis added)).  Further, Plaintiff has failed to allege facts that

---

[4] The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  Plaintiff has not made allegations of "widespread abuse."

5

establish a causal connection between Nurse Greene and the other events alleged in Plaintiff's amended complaint. See Zatler, 802 F.2d at 401 (noting that a § 1983 claim "requires proof of an affirmative causal connection between the [defendant's] acts or omissions and the alleged constitutional deprivation."). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Nurse Greene.

**D.   Deputies**

Plaintiff also alleges that Defendants FNU McDaniels, Deputy; FNU Mitchell, Deputy; FNU Lafferman, Deputy Sergeant; FNU Kennedy,[5] Deputy; FNU West, Deputy Sergeant; FNU Weathers, Deputy; FNU Moseby, Deputy; FNU Williams, Deputy; FNU Diggs, Deputy Sergeant; Joe Howard, Deputy Lieutenant; Rosa Tate, Deputy Lieutenant; FNU Hampton,[6] Deputy; FNU Morris, Deputy Sergeant; and Charles Toole, Chief Jailor were liable either (1) for failing to protect him from a known threat to his safety, or (2) for assaulting him. See Farmer v. Brennan, 511 U.S. 825, 844-45 (1994) (noting that prison officials, who act with deliberate indifference, can be liable under the Eighth Amendment for "expos[ing] a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 843 (citations and internal quotation marks omitted)). However, Plaintiff has failed to cite any facts about any of these alleged assaults, regardless of whether the above Defendants were participating in, or failing to protect him from, these assaults. Moreover, Plaintiff has failed to state facts demonstrating how each of these Defendants were

---

[5] In his amended complaint, Plaintiff lists this Defendant's name as Kennedy, as opposed to Kenedy. Therefore, the Clerk is **DIRECTED** to correct the docket accordingly.

[6] In his amended complaint, Plaintiff lists this Defendant's name as Hampton, as opposed to Hempton. Therefore, the Clerk is **DIRECTED** to correct the docket accordingly.

specifically involved in these attacks. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Therefore, Plaintiff has failed to state a claim against Defendants McDaniels, Mitchell, Lafferman, Kennedy, West, Weathers, Moseby, Williams, Diggs, Howard, Tate, Hampton, Morris, and Toole, and they should be **DISMISSED** from this case.

E.     **Defendants Carns, Weaver, and McCormick**

Next, Defendants Carns, Weaver, and McCormick should also be dismissed from this case. First, because Plaintiff claims that Carns and McCormick, private citizens, conspired with Weaver to have Plaintiff arrested and later assaulted at the jail in retaliation for Plaintiff's turning his wife into the authorities for drug use, Carns and McCormick may be state actors. In Adickes v. S.H. Kress & Co., the Supreme Court noted that a private party who is involved in a conspiracy with a state actor is acting "under color of law" for purposes of § 1983.[7] Adickes, 398 U.S. 144, 152 (1970). Nevertheless, the Eleventh Circuit has further explained a private party should only be viewed as a state actor for § 1983 purposes in rare circumstances. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Thus, to hold that private parties are state actors, the court

> must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

---

[7] The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added).

7

Id. (alterations in original) (citation omitted). Here, Plaintiff has alleged that there was a conspiracy between Defendants, such that Defendants Carns and McCormick may be state actors under the nexus/joint action test.

To prove conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Bd. of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. However, a conspiracy claim supported only by conclusory, vague, and general allegations may be dismissed. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed.").

Here, Plaintiff alleges that "Carn[s] got Weaver and McCormick to arrest [him] and prosecute [him and] then had inmates at the jail beat [him] up. Carns asked Weaver to order deputies to look the other way." Plaintiff also states that McCormick told Carns that Plaintiff threatened to kill her and then had Plaintiff charged with making terroristic threats. Because Plaintiff arguably makes a conspiracy claim against Carns, Weaver, and McCormick for violating Plaintiff's constitutional rights, it is arguable that Carns and McCormick are state actors.

Even if the Court were to give Plaintiff the benefit of the doubt and consider Carns and McCormick as state actors, Plaintiff failed to state a claim against these Defendants.

8

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances, or for exercising their right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Prison officials may not burden a prisoner's First Amendment rights "with practices that are not reasonably related to legitimate penological objectives" or "act with the intent of chilling that First Amendment right." Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (discussing alleged violation of First Amendment right of access to the courts) (citations omitted). Moreover, the plaintiff must establish a causal connection between his protected conduct and the retaliatory action. Farrow, 320 F.3d at 1248-49.

Here, Plaintiff claims that Carns, Weaver, and McCormick retaliated against him for turning his wife into the authorities for drug use. Although the courts have determined that reporting criminal conduct is protected conduct in employment retaliatory discharge claims,[8] no courts have held that the actions of private citizens reporting others to law enforcement for criminal activity is protected conduct for purposes of § 1983 retaliation claims. Therefore, Plaintiff's actions in turning his wife into the authorities was not protected conduct, and Plaintiff failed to allege facts that would form the basis for a retaliation claim.

Further, to the extent that Plaintiff claims that his conviction for making terroristic threats is improper, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

---

[8] See Bourbon v. Kmart Corp., 223 F.3d 469, 472 (7th Cir. 2000) (allowing retaliatory discharge claim when employee reports employer's criminal conduct to authorities); Simas v. First Citizens' Fed. Credit Union, 63 F.Supp.2d 110, 115 (D. Mass. 1999) (Plaintiff protected by whistleblower statute in retaliatory discharge claim for reporting criminal conduct in workplace to public authorities); and Nappi v. Meridian Leasing Corp., 859 F.Supp. 1177, 1180 (N.D. Il. 1994) ("a valid claim for retaliatory discharge is established when an employee claims that he was discharged for reporting apparent criminal conduct to his employer").

In Heck, the Supreme Court held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). Here, Plaintiff attempts to challenge his conviction by arguing that his arrest was unconstitutionally motivated by Defendants Carns, Weaver, and McCormick's quest to retaliate against him. Such a claim is improper in a § 1983 action when the conviction has not been overturned. Because Plaintiff has not demonstrated that his conviction has been overturned, his claim cannot form a basis for relief.

Moreover, to the extent that Plaintiff claims that Carns, Weaver, and McCormick coordinated a plan to have others exert excessive force on him, Plaintiff has failed to state the facts surrounding any of the assaults, or specifically explain how these Defendants coordinated the assaults. See Fullman, 739 F.2d at 556-57 (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Therefore, Plaintiff has failed to state a claim against Defendants Carns, Weaver, and McCormick, and they should be **DISMISSED** from this case.

10

### F. Defendant McCormick

Additionally, to the extent that Plaintiff claims that McCormick violated his constitutional rights by allegedly making homosexual advances toward him at the church, this claim fails because McCormick is not a state actor in his role as an assistant pastor. See Griffin, 261 F.3d at 1303 (noting that a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law in order to prevail on a civil rights action under § 1983). Thus, Plaintiff failed to state a clam for which relief can be granted against Defendant McCormick.

### G. Inmates

Finally, Plaintiff contends that inmates John McDaniels, Dominique Wilson, and several John Does violated his constitutional rights by assaulting him. Considered as individuals, these inmates do not act under color of state law. However, Plaintiff alleges that these inmates acted in a conspiracy with Weaver to deprive him of his constitutional rights. See Adickes, 398 U.S. 144, 152 (1970). Despite his contention of a conspiracy, Plaintiff does not offer any specifics on how an agreement between Weaver and Inmates McDaniels, Wilson, and the John Does may have been reached to violate Plaintiff's rights. At best, he alleges that Weaver directed the inmates to assault Plaintiff. Nonetheless, Plaintiff failed to demonstrate that there was a meeting of the minds to establish a conspiracy. See Bailey, 956 F.2d at 1122; Kearson, 763 F.2d at 407.

To the extent that Plaintiff argues that Defendants McDaniels, Wilson, and John Does were state actors because they were following Weaver's orders to assault Plaintiff, Plaintiff has not demonstrated that they violated his constitutional rights. Under the Eleventh

Circuit's test, a private party may be a state actor if Plaintiff can prove that "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution." Rayburn, 241 F.3d at 1347. Here, Plaintiff makes an arguable claim that Weaver "significantly encouraged" the inmates to assault Plaintiff by ordering them to do so.

Nevertheless, giving Plaintiff the benefit of the doubt and assuming for the sake of argument that these Defendants were state actors, Plaintiff failed to articulate facts surroundings these assaults or otherwise indicate how these Defendants were specifically involved in violating Plaintiff's constitutional rights. See Fullman, 739 F.2d at 556-57 (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Accordingly, Defendants McDaniels, Wilson, and John Does should be **DISMISSED** from this case.

### III. CONCLUSION

For the reasons set forth above, because Plaintiff has failed to state a claim upon which relief can be granted against any Defendant, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

12